PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 66]

Name of Offender: <u>Mark Metz</u>   Case Number: <u>3:12-00119</u>

Name of Judicial Officer: <u>Honorable Aleta A. Trauger, United States District Judge</u>

Date of Original Sentence: <u>April 26, 2013</u>

Original Offense: <u>18 U.S.C. §§ 922(g)(1), 924, and 2, Convicted Felon in Possession of Ammunition</u>

Original Sentence: <u>37 months' custody and 3 years' supervised release</u>

Date of Revocation Sentence: <u>August 18, 2014</u>

Original Sentence: <u>3 months' custody and complete the original term of supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>October 14, 2014</u>

Assistant U.S. Attorney: <u>Joe Montminy</u>   Defense Attorney: <u>Caryll Alpert</u>

---

**PETITIONING THE COURT**

    ___ To issue a Summons.
    ___ To issue a Warrant.
    _X_ To Consider Additional Violations/Information

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Violations/Information
☐ Other

Considered this 28th day of Sept., 2015, and made a part of the records in the above case.

Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Joshua Smith
U. S. Probation Officer

Place     Nashville, TN

Date     September 23, 2015

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. **66**, has been amended as follows:

    **Violation No. 3 - has been amended to include additional positive drug tests**
    **Violation No. 4 - has been amended to provide an updated court date**
    **Violation No. 6 - has been added**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.** |

    The defendant violated this condition in that he was found to be in the company of convicted felons on or about October 31, 2014, and November 19, 2014.

    In the early morning hours of October 31, 2014, the defendant was a passenger of a vehicle driven by Brian Morrow, a convicted felon. A second convicted felon, Brittany Drake, was also a passenger in the vehicle. The defendant did not have permission to associate with these individuals. It should be noted that the defendant's previous revocation ordered by this Court was based, in part, on the defendant's association with Brian Morrow without permission.

    According to court documents, Mr. Morrow's vehicle was stopped for license plate and window tint violations by officers from the Metro Nashville Police Department. At that time, officers discovered that Ms. Drake had an outstanding warrant and placed her under arrest. She was found to be in possession of 1.3 grams of heroin in separate baggies, a large amount of cash, .1 grams of cocaine, four Xanax bars, one Lortab, and three oxycodone pills.

    On November 19, 2014, the defendant was, again, a passenger of a vehicle driven by Brian Morrow, a convicted felon. The defendant did not have permission to associate with this individual.

    On November 20, 2014, the probation officer spoke with the defendant over the telephone concerning the defendant's contact with law enforcement in the early morning hours of November 19, 2014. The defendant admitted he was in a vehicle driven by Brian Morrow at the time of a traffic stop. He explained that he worked with Mr. Morrow, who was providing the defendant with a ride home. The probation officer was not previously informed of this arrangement. The defendant admitted that he was previously informed that he did not have permission to associate with Mr. Morrow. He further admitted that he associated with Mr. Morrow on more occasions than were discovered by the probation officer.

    On December 11, 2014, the probation officer spoke to Officer David Harper with the Metropolitan Nashville Police Department regarding the incident on October 31, 2014. Following the arrest of Brittany Drake, she admitted the drugs found in her possession were given to her earlier in the evening by Brian Morrow.

2.   **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

   The defendant violated this condition in that he knowingly provided false information to the probation officer in response to questions on October 31, 2014.

   On the above listed date, the defendant reported to the probation office to discuss his contact with law enforcement. At that time, he was informed that the probation officer was conducting an inquiry into possible violations of supervised release. The defendant was asked about the identity of his associates when he encountered the police. He stated that he did not know the name of the driver of the vehicle and knew him only as "Swag."

   The defendant later admitted that Brian Morrow was driving the vehicle. He stated he met Mr. Morrow earlier in the evening to celebrate the defendant's belated birthday, which passed while the defendant was serving his 90 day revocation, as ordered by this Court. When asked why he initially lied to the probation officer, the defendant explained, "I didn't want to get in no trouble, man."

3.   **The defendant shall refrain from unlawful use of a controlled substance.**

   On December 1, 2014, Mr. Metz reported to the probation office and submitted a diluted urine sample for drug testing. When questioned about the diluted sample, he admitted that he had used cocaine and marijuana three days prior. He reported that he puts cocaine in his marijuana. The urine sample he provided for drug testing was diluted.

   **On August 21 and September 9, 2015, Mr. Metz tested positive for cocaine.**

4.   **The defendant shall not commit another federal, state or local crime.**

   On January 18, 2015, Mr. Metz was arrested by the LaVergne Police Department and charged with Manufacture, Delivery, Sale, Possession of Marijuana, Manufacture, Delivery, Sale, Possession of a Schedule II Controlled Substance and Unlawful Possession of Drug Paraphernalia. He was released from custody on a $10,000 bond.

   According to the affidavit, Mr. Metz was the operator of a vehicle that was stopped. The passenger in the vehicle was Demarcus Davis. Mr. Davis had an outstanding warrant from Metropolitan Nashville Police Department (MNPD). Mr. Metz was asked for consent to search the vehicle. Consent to search was denied. Officers detected the odor of marijuana emitting from inside the vehicle. A K-9 was utilized and alerted on the driver's door. A search of the vehicle revealed a felony amount of marijuana inside of a thermos. Also located inside the thermos was a bag containing a white substance that field tested positive for cocaine base. Rolling papers and a cigarello were located inside of the glovebox.

   **Mr. Metz's next scheduled court date is on November 4, 2015, in Rutherford County General Sessions Court.**

5.   **The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**

   As noted earlier, during the arrest on January 18, 2015, Mr. Metz was present in the vehicle with Demarcus Davis. Mr. Davis was previously convicted of Possession or Casual Exchange of a Controlled Substance-Prior Conviction. Mr. Metz had not been given

permission to associate with Mr. Davis.

6. **The defendant shall participate in a program of drug testing.**

**On September 8, 2015, Mr. Metz failed to report for drug testing.**

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Metz began his first term of supervised release on April 25, 2014, and his supervision was revoked on August 18, 2014. His second term of supervised release began on October 14, 2014, and he is scheduled to terminate supervision on April 24, 2017. Mr. Metz is currently employed by Bennev Enterprises and E&K Drywall and Painting.

On July 8, 2014, the probation office filed a petition for a warrant [Document 38], alleging that the defendant violated the terms of his supervision in that he committed a new crime– domestic assault; he associated with convicted felons– Erica Hampton and Brian Morrow; he failed to report for drug testing; he committed a new crime– selling cocaine; he tested positive for cocaine; and he failed to follow the instructions of the probation officer by associating with Brian Morrow.

On August 18, 2014, the defendant appeared before this Court and admitted to all violations but the first, which was dismissed. The Court found the remaining violations established and ordered the defendant's supervised release revoked. The defendant was ordered to serve three months in custody and returned to supervised release to complete the original term of supervision under the original conditions. He was released from custody on October 14, 2014, and began his second term of supervised release.

On October 31, 2014, the probation officer met with the defendant when it was discovered that the defendant was associating with Brian Morrow. At that time, the probation officer explained that associating with Mr. Morrow would not be permitted as it would continue the pattern which led to his previous revocation.

The defendant called the probation officer on November 3, 2014, and asked that the probation officer reconsider allowing contact with Brian Morrow. The defendant explained that Mr. Morrow is the defendant's only friend and support. The defendant was offered sympathy, but it was again explained that the position of the probation office would not change, as association with Mr. Morrow, a suspected drug dealer, would prevent success in the defendant's supervised release.

On November 24, 2014, a petition requesting a warrant was submitted to the Court to report that Mr. Metz had associated with convicted felons on multiple occasions and had failed to truthfully answer inquiries by the probation officer and follow the instructions of the probation officer. A warrant was ordered by Your Honor.

On December 1, 2014, Mr. Metz reported to the probation office and was arrested. Prior to his arrest, he met with the probation officer to discuss his repetitive failures to abide by the conditions of supervised release. He was asked about the evening of October 31, 2014. Mr. Metz stated that he was with Mr. Morrow and Ms. Drake to celebrate his birthday. He was asked about his association with Ms. Drake. Mr. Metz denied knowing that she was a convicted felon or that she was in possession of illegal drugs. He reported that he had met Ms. Drake at a bar and had introduced her to Mr. Morrow as she was willing to have sex with Mr. Metz and Mr. Morrow. Following a detention hearing on December 4, 2014, Mr. Metz was released from custody to remain under the same conditions of supervised release pending the revocation hearing before Your Honor.

On December 9, 2014, the probation officer met with Brittany Drake, who is currently in custody at the

Correctional Development Center Female Facility in Nashville, Tennessee. Ms. Drake was asked about the evening of October 31, 2014. She reported that she was with Mr. Metz and Mr. Morrow to celebrate her

birthday. When the vehicle they were in was pulled over, she advised that she would likely go to jail for a probation violation. She denied that Mr. Metz or Mr. Morrow was aware that she was in possession of illegal drugs. Ms. Drake stated that she did not know Mr. Metz very well as she had only met him on one prior occasion, but she had a previous romantic relationship with Mr. Morrow.

On December 17, 2014, a superseding petition requesting the consideration of additional violations was submitting to the Court to report additional information regarding the incident on October 31, 2014, and that Mr. Metz tested positive for cocaine on December 1, 2014. The additional violations were ordered to be considered at the revocation hearing on December 19, 2014.

At the revocation hearing before Your Honor on December 19, 2014, Mr. Metz admitted the violations. He was continued on supervision and the hearing was continued until March 16, 2015, to allow Mr. Metz an opportunity to obtain compliance with supervision conditions.

On January 12, 2015, Mr. Metz was referred for a substance abuse treatment assessment. A substance abuse treatment assessment was completed on January 28, 2015, and treatment was recommended. He began substance abuse treatment on January 28, 2015.

On January 20, 2015, Mr. Metz contacted the probation officer to report that he had been arrested over the weekend when driving another individual's vehicle. He reported that he had no knowledge of the other individual's possession of the illegal drugs in the vehicle. He further informed that he had been advised by his attorney not to answer any questions by the probation officer, as the charges were pending.

**On February 3, 2015, a superseding petition requesting the consideration of additional violations was submitted to the Court to report that on January 18, 2015, Mr. Metz was arrested by the LaVergne Police Department and charged with a drug offense. At the time of arrest, Mr. Metz was in a vehicle with a convicted felon. The additional violations were ordered to be considered at the revocation hearing.**

**Despite the positive drug tests in August and September 2015, Mr. Metz denies new use of illegal drugs. Mr. Metz has participated in substance abuse treatment since January 2015.**

**Update of Offender Characteristics:**

**Mr. Metz is currently employed at OHL in Mt. Juliet, Tennessee, through Elwood Staffing. He lives with his cousin in Nashville, Tennessee.**

**U.S. Probation Officer Recommendation:**

**It is respectfully requested that the additional violations/information be considered at the revocation hearing before Your Honor. This matter has been reported to a representative of the U.S. Attorney's Office, who concurs with the recommendation.**

Approved: _____
Vidette Putman
Supervisory U. S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. MARK METZ, CASE NO. 3:12-00119

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 3, 2003  PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 18-24 months *U.S.S.G. § 7B1.4(a)* | 21 months |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | 1 year |

**Statutory Provisions:** Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade A violation, the Court shall revoke supervised release, U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

_____
Joshua Smith
U. S. Probation Officer

Approved: _____
Vidette Putman
Supervisory U. S. Probation Officer